IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONNIE LOUIS BEARD, SR. | : | CIVIL ACTION |
| | : | NO. 14-4129 |
| v. | : | |
| | : | |
| PHILADELPHIA, PA COUNTY PRISON | : | |
| SYSTEM, et al. | : | |

O'NEILL, J.                                                                                          June 25, 2015

## **MEMORANDUM**

Plaintiff Monnie Louis Beard, Sr., acting pro se, brings this 42 U.S.C. § 1983 civil rights action against defendants the City of Philadelphia[1], Corizon Health, Inc., Dr. Eke Kalu and Ms. Frias, alleging that defendants violated his Eighth Amendment right to necessary medical treatment during incarceration. Presently before me are Dr. Kalu and the City of Philadelphia's motions to dismiss Beard's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Dkt. Nos. 10, 12) and Beard's response (Dkt. No. 14). For the following reasons I will grant defendants' motions.

## **BACKGROUND**

Plaintiff, while an inmate at the Curran-Fromhold Correctional Facility (CFCF), underwent surgery for an enlarged prostate on March 12, 2013. Dkt. No. 3 at ECF 3. Plaintiff alleges that after the surgery he filed a grievance claiming that he had not received the medication his surgeon prescribed, though the hospital had provided him with different

---

[1] Plaintiff refers to this defendant as "The Philadelphia, PA County Prison System" in his complaint (Dkt. No. 3), while defendant maintains it is more correctly identified as "the City of Philadelphia" in its motion to dismiss (Dkt. No. 12). Pursuant to Russell v. City of Phila, 428 F. App'x. 174, 177 (3d Cir. 2011), the Philadelphia Prison System cannot be properly named as a defendant in a § 1983 action. For this reason, because plaintiff is acting pro se and because the presently responding defendant is the City of Philadelphia, I will construe his identification of the "Philadelphia, PA County Prison System" to refer to the "City of Philadelphia" as the proper party in this case and will refer to it as such throughout this memorandum.

medication. Id. Plaintiff claims that he was then transferred from the CFCF to the House of Correction, where he received a letter from his surgeon about follow-up treatment. Plaintiff alleges that he then approached a hospital administrator, Ms. Frias, regarding his need for additional treatment. Plaintiff avers that after Ms. Frias failed to secure follow-up treatment for him, plaintiff filed a second grievance. Id. Plaintiff claims to suffer from continued problems with his prostate, lower back and urinary tract as a result of failing to receive prescribed medication and treatment following his surgery. Id.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556

U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

Because plaintiff is proceeding pro se, I "must liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). "[H]owever inartfully pleaded," pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). See also United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (noting that a petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Prisoners in particular are often at an informational disadvantage that may prevent them from pleading the full factual predicate for their claims. Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). Unless amendment would be inequitable or futile the Court should not dismiss the complaint without

3

allowing plaintiff leave to amend. Id. at 235, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## DISCUSSION

I.   **Section 1983 Claim Against Dr. Eke Kalu**

Dr. Eke Kalu moves to dismiss plaintiff's § 1983 claim alleging a violation of his Eighth Amendment right to necessary medical treatment during incarceration. To state a claim under § 1983, a plaintiff must demonstrate that a person acting under the color of law deprived him of a federal right. See Berg v. Cnty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). It is well established that a defendant must have personal involvement in the alleged wrongs to be held liable under § 1983. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence" and such allegations "must be made with appropriate particularity." Id. In order to prove personal involvement through acquiescence a plaintiff must demonstrate that the defendant had contemporaneous knowledge of the alleged wrongdoing, as well as actual supervisory authority over the alleged violator. See Robinson v. Pittsburgh, 120 F.3d 1286, 1293-94 (3d Cir. 1997).

The Eighth Amendment prohibition against cruel and unusual punishment is violated by "deliberate indifference to a [prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Claims of negligence or even medical malpractice are not actionable under § 1983 as an Eighth Amendment claim. Id. at 106. The Supreme Court clarified its holding in Estelle by explaining that a defendant is "deliberately indifferent" to a serious medical need where he or she knows of, yet disregards, an excessive risk to the plaintiff's health or safety. See Farmer v. Brennan, 511 U.S. 825 (1994). Without the requisite mental state, conduct alone does not

constitute deliberate indifference. See id. at 837-38. Furthermore, in order to sufficiently allege an individual defendant's deliberate indifference to serious medical needs under § 1983, a plaintiff must show personal involvement on the part of the defendant by alleging personal direction, actual knowledge, or acquiescence. See Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) ("review of the complaint reveals no facts alleging personal involvement . . . As a result, this claim lacks an arguable basis in law"); see also Rode, 845 F.2d at 1207.

Dr. Kalu argues that plaintiff failed to allege he had any personal involvement in plaintiff's allegedly inadequate medical treatment. Dkt. No. 10 at ECF 4, 5. Dr. Kalu also argues that plaintiff did not sufficiently allege that Dr. Kalu acted with deliberate indifference toward plaintiff's serious medical needs. Id. Plaintiff argues that he named Dr. Kalu as a defendant in his complaint because of Dr. Kalu's status as regional medical director at Corizon Health, Inc., "the company that the Philadelphia County Prison System pays to oversee the inmates' wellbeing." Dkt. No. 15 at ECF 1. However, plaintiff failed even to mention Dr. Kalu in the body of his complaint. Plaintiff has failed to allege that Dr. Kalu provided personal direction or had actual contemporaneous knowledge and acquiescence of the alleged violation. Therefore, plaintiff has not sufficiently alleged personal involvement on the part of Dr. Kalu in his complaint. Plaintiff also has not sufficiently alleged that Dr. Kalu acted with deliberate indifference to a serious medical need under the Eighth Amendment. I will grant plaintiff leave to amend his complaint provided that he is able to allege sufficient facts to support the claim that Dr. Kalu was personally involved in plaintiff's alleged inadequate treatment or deliberately indifferent to his serious medical needs.

## II.     Monell Claim Against the City of Philadelphia

The City of Philadelphia moves to dismiss plaintiff's § 1983 claim alleging a violation of his Eighth Amendment right to necessary medical treatment during incarceration.  Municipal entities such as the City of Philadelphia are not immune from suit under § 1983, but neither can they be held liable for the torts of their employees under respondeat superior.  See Monell v. Dep't of Social Services, 436 U.S. 658, 693 (1978).  A municipality can only be held liable for constitutional violations by its employees when the acts performed are (1) part of a policy officially adopted and promulgated by the body's officers or where the actions are pursuant to governmental custom, (2) performed by an official who has the power to generate policy and is responsible for the affirmative proclamation of a policy, though no rule has been announced as policy, or (3) performed by a policymaking official who acquiesces to a well-established custom that violates a constitutional right, such that the policymaker can be said to have been deliberately indifferent to a serious medical need.  See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003), citing Bd. of Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown, 520 U.S. 397 (1997).

To state a Monell claim against the City of Philadelphia for deliberate indifference to his serious medical needs plaintiff must allege (1) what the relevant policies are, (2) the basis plaintiff has for thinking those policies affected his medical treatment, and (3) the specific treatment plaintiff was denied as a result of these policies.  Winslow v. Prison Health Servs., 406 F. App'x 671, 674 (3d Cir. 2011).  Alternatively, to allege municipal liability on the basis of the conduct of a policymaking official, a plaintiff must allege facts showing that an official who has the power to generate policy is responsible for the violation itself or acquiesces to a well-established custom that violates a constitutional right.  See Bielevicz v. Dubiob, 915 F.2d 845,

850 (3rd Cir. 1990). For instance, a lack of adequate training may serve as a basis by which to extend liability to the municipality when a failure to train constitutes acquiescence and deliberate indifference to the rights of a person. See City of Canton, Ohio v. Harris, 489 U.S. 378, 931 (1989).

Here, the City of Philadelphia argues that plaintiff has failed to plead elements necessary to establish municipal liability under § 1983 because plaintiff failed to allege that the harm was a result of inadequate policy or training that amounted to deliberate indifference or that an official with policymaking power was responsible for the constitutional harm. Dkt. No. 12 at ECF 3, 4. Plaintiff contends in his response that he is entitled to relief because the City of Philadelphia should have afforded him additional medical care. Dkt. No. 15 at ECF 1. The complaint fails to state any facts supporting the claim that either a policy or an official with policymaking power was responsible, through an affirmative act or acquiescence, for plaintiff's alleged constitutional harm. Plaintiff has therefore failed to state a claim against the City of Philadelphia under § 1983. See Winslow, 406 F. App'x at 674 (holding that a pro se prisoner's allegations of an Eighth Amendment violation due to his dissatisfaction with the treatment of a hernia were insufficient to state a claim under § 1983 because his claims were conclusory in nature). I will grant plaintiff leave to amend his complaint provided that he is able to allege sufficient facts to support the claim that the City of Philadelphia has an unconstitutional policy or custom of denial of medical treatment, or that an officer with policymaking power was responsible for the alleged violation.

**CONCLUSION**

For the reasons set forth above, I will grant defendants' motions to dismiss plaintiff's claims against Dr. Eke Kalu and the City of Philadelphia under § 1983 with leave to amend provided that plaintiff can sufficiently plead a constitutional violation against Dr. Kalu arising

from his claim for failure to receive medication and treatment while incarcerated or a <u>Monell</u> claim against the City of Philadelphia.

      An appropriate Order follows.